NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FLORENTINO AJPACAJA-GARCIA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No.  20-70665

Agency No. A087-991-835

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Florentino Ajpacaja-Garcia (Petitioner) petitions for review of the Board of

Immigration Appeals' (BIA) decision affirming the denial of asylum, withholding

of removal, and protection under the Convention Against Torture (CAT).  We have

jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The Immigration Judge (IJ) denied asylum and withholding of removal for several reasons including Petitioner's failure to establish "nexus to a particular ground" of protection and "a well-founded fear of future persecution." And the application for CAT protection was denied because Petitioner was unable to show that it was more likely than not that he would be tortured by or with the acquiescence of the Guatemalan government upon his return to Guatemala. Petitioner filed a notice of appeal to the BIA with general allegations that the IJ abused its discretion. Petitioner filed a motion to extend the deadline to file his brief in support, which the BIA granted, Petitioner never filed a brief in support, and the BIA affirmed the IJ.

Petitioner raises for the first time on appeal an argument that the IJ lacked jurisdiction over Petitioner's removal proceedings. As the government points out, any defect in Petitioner's notice to appear "[has] no bearing on an immigration court's adjudicatory authority." *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc).

Petitioner also brings two related arguments regarding the agency's decision: (1) the agency abused its discretion by rejecting Petitioner's claims without engaging in a case-by-case analysis, and (2) the agency abused its discretion by failing to analyze the CAT factors laid out in 8 C.F.R. § 1208.16(c)(3)(i)–(iv). Without a brief from Petitioner, the BIA considered "only the limited arguments raised in the Notice of Appeal." Petitioner failed to raise any meaningful challenge

2

to the IJ's findings, merely alleging that the IJ "abused his discretion when he failed" to find the outcomes that Petitioner desired. The BIA properly determined that Petitioner had "not demonstrated that the Immigration Judge erred in denying his applications for relief" and affirmed the IJ. *See Matter of M-D-C-V-*, 28 I. & N. Dec. 18 n.1 (B.I.A. 2020); *Matter of N-A-I-*, 27 I. & N. Dec. 72, 73 n.1 (B.I.A. 2017).

**PETITION DENIED**.